IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JULIE HAMBLIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:16-cv-176 |
| | § | |
| HUMANA HEALTH PLAN | § | |
| OF TEXAS INC., | § | |
| | § | |
| Defendant. | § | |

## NOTICE OF REMOVAL

Defendant Humana Health Plan of Texas, Inc. ("Humana") files its Notice of Removal to the United States District Court for the Western District of Texas, San Antonio Division. The following facts demonstrate the existence of diversity jurisdiction in this Court.

### I.
### PLAINTIFF'S CLAIMS AND PROCEDURAL HISTORY

1.      Plaintiff Julie Hamblin filed her Original Petition on October 26, 2015, against "Humana Health Insurance Company of Texas Inc." in the 150th Judicial District Court of Bexar County, Texas. Humana was served with process on November 10, 2015, and the undersigned counsel notified Plaintiff's counsel that Humana had been named incorrectly. Plaintiff subsequently filed her first Amended Petition on November 12, 2015 (hereinafter "Petition"). Humana timely filed its Answer to Plaintiff's Petition on December 3, 2015.

2.      The lawsuit is styled *Julie Hamblin v. Humana Health Plan of Texas Inc*., Cause No. 2015-CI-18024.

DEFENDANT'S NOTICE OF REMOVAL                                                                                   1

3.      This case arises from Plaintiff's employment and resignation with Humana.[1]  In her Petition, Plaintiff alleges causes of action of pregnancy and disability discrimination and retaliation in violation of the Texas Labor Code.[2]  Humana did not remove this case to federal court because Plaintiff asserted state law claims only and she identified herself to be a resident of Bexar County, Texas.[3]  Humana is a Texas corporation, such that the parties were non-diverse.

4.      Plaintiff's recent responses to Humana's written discovery requests reveal that Plaintiff is a resident of Honolulu, Hawaii, and further, that she has been a resident of Honolulu since 2014.  Accordingly, the parties are, in fact, diverse, such that this Court has original jurisdiction pursuant to 28 U.S.C. § 1332.

5.      This removal is effected pursuant to 28 U.S.C § 1441(a), in that the present case is a civil action of which the district courts of the United States have original jurisdiction, and it is being removed by Defendant to the federal court for the district and division in which the action is currently pending.

6.      A true and correct copy of all process, pleadings and orders contained in the file of the state court are attached as Exhibit "A".

**II.**
**THIS CASE IS REMOVABLE BASED UPON DIVERSITY JURISDICTION**

**A.      DIVERSITY OF CITIZENSHIP EXISTS BETWEEN THE PARTIES.**

7.      This Court has original jurisdiction over this action under 28 U.S.C. § 1332 based on diversity of citizenship.  Diversity of citizenship exists, so as to provide federal court jurisdiction, where the suit is between citizens of different states and the amount in controversy

---

[1] *See* Plaintiff's Amended Petition, included as part of Exhibit A to this pleading, at pp. 2 – 5.
[2] *See* Plaintiff's Amended Petition, pp. 6 – 7.
[3] *See* Plaintiff's Amended Petition, p. 2, ¶ 2.

exceeds $75,000.00.  *See* 28 U.S.C. § 1332; *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1330 (5th Cir. 1995).

8.      Specifically, Plaintiff alleges in her Petition that she is an individual who resided in Bexar County, Texas.[4]  While Plaintiff used the term "resided" in Bexar County, Humana presumed it to be a typographical error because Plaintiff had worked at Humana's location in San Antonio, Texas,[5] and its last known address for Plaintiff was in San Antonio, Texas.  To have been removable at the time the initial pleading was filed, the grounds for removal must have been ascertainable from an examination of the four corners of the initial pleading.  *Mumfrey v. CVS Pharm. Inc.*, 719 F.3d 392, 399 (5th Cir. 2013).  Here, the use of the term "resided" did not provide clear and unequivocal notice to Humana that Plaintiff no longer resided in Texas.

9.      Humana is a corporation that is organized under the laws of the state of Texas and maintains its principal place of business in Texas.[6]  Thus, Humana is a citizen of the state of Texas for the purposes of determining diversity of citizenship under 28 U.S.C. § 1332(c)(1).

10.     Humana recently received Plaintiff's discovery responses and document production, which revealed that Plaintiff has resided in Honolulu, Hawaii – not Bexar County – since 2014.  Specifically, on January 20, 2016, Plaintiff responded to Humana's First Set of Interrogatories and Requests for Production.  Plaintiff produced documents related to her efforts to find new employment, including: (1) a letter from Plaintiff to Marine Corp Community Services in Hawaii, wherein Plaintiff references her husband's upcoming permanent change in station to Hawaii in May 2014; (2) a conditional offer of employment to Plaintiff for a position with United Health Group in Honolulu that is dated January 22, 2015; (3) her current resume, wherein Plaintiff represents that she has been employed as a registered nurse for United Health

---

[4] See Plaintiff's Amended Petition, p. 2, ¶ 2.
[5] See Plaintiff's Amended Petition, p. 2, ¶ 6.
[6] See Exhibit B, the Declaration of Ralph Wilson, at ¶ 3.

Military and Veterans Group in Honolulu since February 2015; and (4) an invoice from November 2015 from the Law Office of Rob Wiley, P.C., to Plaintiff's address in Hawaii for the cost associated with serving Humana in this lawsuit.[7]  Additionally, Plaintiff's counsel supplied Plaintiff's verification of her Interrogatory answers on February 17, 2016, and this, too, confirms Plaintiff's current residency in Hawaii.[8]

11.   Because Plaintiff is a citizen of Hawaii and Humana is a citizen of Texas, complete diversity of citizenship exists under 28 U.S.C. § 1332.

**B.   THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.**

12.   Diversity jurisdiction exists because it is apparent from the face of Plaintiff's Petition that the "amount in controversy" exceeds $75,000, exclusive of interest and costs. Plaintiff pleads that she seeks all damages allowed under the Texas Labor Code, including monetary damages over $200,000 but less than a $1,000,000.[9]  These damages include back pay, front pay, compensatory damages, equitable and injunctive relief, and reasonable attorney's fees.

13.   Humana may rely upon Plaintiff's demand for damages in excess of $200,000 to meet the jurisdictional requirement for removal.  *See* 28 U.S.C. § 1446(c)(2); S.*W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996).  Therefore, jurisdiction exists under 28 U.S.C. § 1332, and removal is proper.

**III.**
**THIS NOTICE OF REMOVAL IS TIMELY**

14.   This Notice of Removal is filed within thirty (30) days of Humana's receipt of "other papers" from which it ascertained that this case was removable.  28 U.S.C. § 1446(b)(3)

---

[7] January 20, 2016, e-mail from Plaintiff's counsel to the undersigned counsel, enclosing Plaintiff's discovery responses and Plaintiff's document production, and the referenced document production are attached hereto as Exhibit C.

[8] February 17, 2016, e-mail from Plaintiff's counsel to the undersigned counsel, enclosing Plaintiff's verification of her Interrogatory answers, is attached hereto as Exhibit D.

[9] Plaintiff's Amended Petition, p. 8, ¶ 54.

("...if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."). The term "other papers," as used in 28 U.S.C. § 1446(b)(3), includes discovery obtained from the plaintiff. *See* 28 U.S.C. § 1446(c)(3)(A); *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 164 (5th Cir. 1992).

15.     Here, it was not until Humana's receipt of Plaintiff's discovery responses on January 20, 2016, that it learned of Plaintiff's residency in Hawaii, both currently and at the time the lawsuit was filed. Notice of this removal is being filed in the state court where the action is currently pending, and this Notice of Removal is also being served on Plaintiff through her counsel, pursuant to 28 U.S.C. § 1446(d). A copy of Defendant's Notice of Removal filed in the state court is attached hereto as Exhibit E.

WHEREFORE, PREMISES CONSIDERED, Defendant Humana Health Plan of Texas, Inc. hereby removes this matter from the 150th Judicial District Court of Bexar County, Texas, to this Honorable Court.

Respectfully submitted,

By:     /s/Tiffany L. Cox
       Tiffany L. Cox
       Texas Bar No. 24050734
       tiffany.cox@ogletreedeakins.com
       Juan Hernandez
       Texas Bar No. 24094717
       juan.hernandez@ogletreedeakins.com
       OGLETREE, DEAKINS, NASH, SMOAK
       & STEWART, P.C.
       112 East Pecan Street, 2700 Weston Centre
       San Antonio, TX  78205
       210.354.1300 (phone)
       210.277.2702 (fax)

**ATTORNEYS FOR DEFENDANT**
**HUMANA HEALTH PLAN OF TEXAS, INC.**

## CERTIFICATE OF SERVICE

On this 19th day of February, 2016, I electronically transmitted the foregoing pleading, using the electronic filing system, and served the following counsel of record by Certified Mail, Return Receipt Requested:

Robert J. Wiley
Colin Walsh
Rob Wiley, P.C.
1011 San Jacinto Blvd., Suite 401
Austin, Texas 78701

/s/Tiffany L. Cox
Tiffany L. Cox

23880763.1

**DEFENDANT'S NOTICE OF REMOVAL**                                                    **6**